IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | | |
|---|---|---|
| **CONE SOLVENTS, INC.** | § | **PLAINTIFF** |
| | § | |
| v. | § CIVIL ACTION NO. 1:05CV419LG-RHW | |
| | § | |
| **TERRY VINCENT CORVIN and** | § | **DEFENDANTS** |
| **LANDSTAR INWAY, INC.** | § | |

**MEMORANDUM OPINION AND ORDER GRANTING
DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT**

THE MATTER BEFORE THE COURT is the Motion for Partial Summary Judgment filed by Defendants Terry Vincent Corvin and Landstar Inway. Plaintiff, Cone Solvents, has responded and supplemented its response. Defendants have filed replies to Plaintiff's response and supplemental response. After due consideration of the submissions and the relevant law, the Court finds that because the Plaintiff has voluntarily dismissed Counts V, VI, and VII of the Complaint pursuant to FED. R. CIV. P. 41(a), Defendants' Motion for Summary Judgment on those claims should be denied as moot. The Court further finds that the Defendants' Motion for Summary Judgment on the issues of gross negligence and punitive damages should be granted.

**FACTS AND PROCEDURAL HISTORY**

On May 20, 2004, Terry Corvin, a licensed commercial truck driver, was driving a wide load tractor- trailer truck owned and operated by Landstar Inway. Corvin stopped to refuel at the Cone Solvents property in Moss Point, Mississippi. While entering the fuel bay, Corvin incorrectly utilized a fuel lane designated for standard sized trucks. While in the bay, Corvin maneuvered the tractor-trailer in and out over the fuel dispensers. These actions resulted in

extensive damage to the fuel dispensers and a fuel leak at the Cone Solvent property. Corvin then exited the property and resumed driving on the interstate. Corvin was later stopped at the Mississippi/Louisiana state line and escorted back to the Cone Solvents property by a Mississippi state trooper.

Cone Solvents brought a number of claims against Corvin and Landstar Inway, among them a claim for gross negligence and punitive damages based on allegations that Corvin acted maliciously, willfully and intentionally in causing damage to the Cone property. Specifically, Plaintiff contends that Corvin willfully disregarded signage and intentionally used the wrong fuel lane. Plaintiff further alleges that Corvin's action of leaving the scene of the accident demonstrated a reckless disregard for the safety of others that rises to the level of gross negligence. The Defendants challenge Plaintiff's claims for gross negligence and punitive damages in this Motion for Partial Summary Judgment.

## DISCUSSION

THE LEGAL STANDARD:

Rule 56 permits any party to a civil action to move for a summary judgment upon a claim, counterclaim, or cross-claim as to which there is no genuine issue of material fact and upon which the moving party is entitled to prevail as a matter of law. In effect, Rule 56(c) provides that as a matter of law, upon admitted or established facts, the moving party is entitled to prevail. A party seeking summary judgment bears the initial burden of identifying those portions of the pleadings and discovery on file, together with any affidavits, which it believes demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett,* 477 U.S. 317, 325 (1986). Once the movant carries its burden, the burden shifts to the non-movant to show that summary

judgment should not be granted. *Id.* at 324-25. The non-moving party may not rest upon mere allegations or denials in its pleadings, but must set forth specific facts showing the existence of a genuine issue for trial. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 256-57 (1986).

<u>PUNITIVE DAMAGES:</u>

When deciding whether to submit the issue of punitive damages to a trier of fact, the trial court looks at the totality of the circumstances, as revealed in the record, to determine if a reasonable, hypothetical trier of fact could find either malice or gross neglect/reckless disregard. *Bradfield v. Schwartz,* 936 So.2d 931, 936 (Miss.2006)(*citing Ross-King-Walker, Inc. v. Henson,* 672 So.2d 1188, 1191 (Miss.1996)). This Court will undertake a determination of whether the issue of punitive damages should be submitted to the jury only if the statutory criteria set forth in MISS. CODE ANN. § 11-1-65(1)(d) are met. *Doe ex rel. Doe v. Salvation Army*, 835 So.2d 76, 79 (Miss. 2003).

> Punitive damages may not be awarded if the claimant does not prove by clear and convincing evidence that the defendant, against whom punitive damages are sought, acted with actual malice, gross negligence which evidences a willful, wanton or reckless disregard for the safety of others, or committed actual fraud.

MISS. CODE ANN. § 11-1-65(1)(d).

Punitive damages are ordinarily recoverable only in cases where the negligence is so gross as to indicate reckless or wanton disregard for the safety of others. Simple negligence is insufficient to warrant imposition of such damages. *Maupin v. Dennis,* 252 Miss. 496, 500 175 So.2d 130-31 (1965); *see also Terrell v. W.S. Trucking, Inc.*, 2001 WL 1593135, *2 (N.D. 2001). Under Mississippi law, gross negligence "is that course of conduct which, under the particular circumstances, discloses a reckless indifference to consequences without the exertion of any

substantial effort to avoid them." *Ezell v. BellSouth Telecommunications, Inc.,* 961 F.Supp. 149, 152 (S.D.Miss.1997) (quoting *Dame v. Estes,* 101 So.2d 644, 645 (Miss.1958)).  Reckless disregard or indifference has been defined as "the voluntary doing by a motorist of an improper or wrongful act, or with knowledge of existing conditions, the voluntary refraining from doing a proper or prudent act when such an act or failure to act evinces an entire abandonment of any care, and heedless indifference to results which may follow and the reckless taking of a chance of an accident happening without intent that any occur." *Jackson v. Payne,* 922 So.2d 48, 51-52 (Miss.App. 2006) *citing Turner v. City of Ruleville,* 735 So.2d 226, 228-29(¶ 11) (Miss.1999) (quoting *Black's Law Dictionary* 1270 (6th ed. 1991)).

      Plaintiff claims that the Defendants took numerous calculated risks while refueling at the bay.  In support of these claims, Plaintiff submits the deposition testimony of James Brown, an eyewitness to the accident.  Brown, a tractor-trailer owner/operator with thirty [30] years experience, observed Corvin attempting to exit the fuel pump area at Cone Solvents on May 20, 2004.  According to Brown, he witnessed Corvin strike the fuel dispensers twice before finally exiting the fueling area.  Brown further witnessed Corvin's escort being stopped by a witness.  However, Corvin continued exiting and did not return while Brown was at the fuel station.

      The record establishes that once Corvin was in the fuel bay, he attempted to exit twice.  This is not disputed.  While Plaintiff avers that the action of driving forward through the bay after the first impact with the fuel dispensers was reckless, Corvin stated that he repositioned the truck in order to clear the bay and avoid impact.  He had no knowledge that there was damage from moving the truck through the fuel bay.  *See Interrog. #9, att. as Ex. "B" to Resp. to Motion for Partial Summary Judgment*.

Finally, Plaintiff makes much of the fact that Corvin left the property after the accident. Plaintiff avers that this conduct was intentional and amounts to gross negligence and a reckless disregard for the safety of others. The Mississippi Supreme Court considered the failure to stop after an accident involving a tractor trailer truck in *Pelican Trucking Co. v. Rossetti,* 251 Miss. 37, 167 So.2d 924 (1964). The Court considered the following relevant factors in determining whether a punitive damages instruction was warranted: 1) the quality of the act causing the damages, 2) whether there were other circumstances immediately prior to and at the time of the collision which would tend to show gross negligence; and 3) the actor's conduct occurring immediately after the happening of the accident. *Pelican Trucking Co. v. Rossetti,* 251 Miss. 37, 167 So.2d 924, 926 (1964). The Mississippi Supreme Court revisited this issue in *Choctaw Maid Farms, Inc. v. Hailey*: "[t]he rule is that simple negligence is not of itself evidence sufficient to support punitive damages, but accompanying facts and circumstances 'may be used to show that that portion of defendant's conduct which constituted the proximate cause of the accident was willful and wanton or grossly negligent.' "*Choctow,* 822 So.2d 911, 924 (Miss. 2002) *quoting Pelican Trucking Co. v. Rossetti,* 251 Miss. 37, 167 So.2d 924, 926 (1964). The evidence in the present case does not establish willful actions or reckless disregard on the part of Corvin. There is no clear and convincing evidence indicating that Corvin had knowledge that the fuel bay was damaged by his truck or that Corvin intentionally drove away after causing a fuel leak. In fact, the evidence establishes the unlikelihood that Corvin observed a visible fuel leak as he was exiting the parking lot. *Dep. of James Brown at pp. 29-30 att. as Ex. "A" to Defendants' Reply*.

Reviewing the totality of the circumstances in the instant case, and in particular the

testimony of the events which Plaintiff alleges supports the punitive damages claim, the circumstances do not meet the statutory requirements for submission of this issue to the jury. There is no clear and convincing summary judgment evidence that tends to show any willful actions or gross negligence on the part of the Defendants. *See Continental Southern Lines, Inc. v. Lum,* 254 Miss. 655, 667, 182 So.2d 228, 233 (Miss. 1966). Accordingly, the summary judgment evidence in this case does not create a question of material fact on the issue of Plaintiff's entitlement to punitive damages. The Defendants' Motion will therefore be granted.

**IT IS THEREFORE ORDERED AND ADJUDGED** that the Motion for Partial Summary Judgment filed by Defendants, Terry Vincent Corvin and Landstar Inway, on November 24, 2006, [53-1] should be and is hereby **GRANTED**.

**SO ORDERED AND ADJUDGED** this the 24th day of February, 2007.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
UNITED STATES DISTRICT JUDGE